**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1974
_____

ISAAC NARANJO,
                                        Appellant

v.

MICHELLE IVICIC; D. J. CLOSE; J. BARROWS;
M. J. PYO; BARRY SMITH, Superintendent

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-21-cv-00072)
District Judge:  Honorable Christy Criswell Wiegand

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: July 25, 2024)
_____

OPINION[*]
_____

PER CURIAM

Pro se Appellant Isaac Naranjo appeals the District Court's grant of summary

judgment in favor of the Defendants.  For the reasons that follow, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Naranjo is a prisoner who was, at the time relevant to this proceeding, incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania, ("Houtzdale") and prior to this time at the State Correctional Institution in Rockview, Pennsylvania ("Rockview"). Naranjo filed an amended complaint in which he alleged that by placing him in Houtzdale's restricted housing unit ("RHU"), Defendants M. Ivicic, D. J. Close, J. Barrows, M. J. Pyo, and Barry Smith unlawfully retaliated against him for filing a lawsuit against Rockview staff and grievances against Close and Ivicic.

The District Court granted in part and denied in part a motion to dismiss filed by the Defendants, dismissing with prejudice claims against Barrows and Smith for failure to establish personal involvement. It also dismissed with prejudice Naranjo's Eighth and Fourteenth Amendment claims related to his RHU confinement, leaving only his First Amendment retaliation claim.

Naranjo filed a supplemental amended complaint, alleging—in addition to the claims presented in his amended complaint—that the retaliatory actions of Ivicic and Close resulted in the denial of his parole. Close, Ivicic, and Pyo filed a motion for summary judgment, which the District Court granted after adopting the report and recommendation presented by a Magistrate Judge. Naranjo timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment, applying the same standard as the District Court, and we may affirm on any basis supported by the record. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

2

To succeed on a prima facie claim for retaliation under the First Amendment, a prisoner-plaintiff must establish that (1) "the conduct which led to the alleged retaliation was constitutionally protected"; (2) "he suffered some 'adverse action' at the hands of the prison officials" that "was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights"; and (3) there existed a "causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (internal citations omitted). If the plaintiff establishes these elements, the burden then shifts "to the defendant to prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity." Id. This standard incorporates the U.S. Supreme Court ruling "that a prison regulation that impinges on the constitutional rights of an inmate is valid if it is 'reasonably related to legitimate penological interests.'" Id. at 334 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Given the difficulty of prison administration, "courts should afford deference to decisions made by prison officials, who possess the necessary expertise." Id.

In the report and recommendation adopted as the opinion of the court, the District Court explained its reasoning for granting summary judgment. After noting that Naranjo argued about two issues—one related to his confinement in the RHU and the other related to the denial of his parole—the District Court addressed each of them separately.

With respect to the RHU confinement, the District Court pointed out: that Naranjo was already housed at the RHU before arriving at Houtzdale; that he was already designated at Custody Level 5; and that there was evidence that he had engaged in "many

3

instances of assaultive behavior, threatening an employee or their family, indecent exposure, and sexual harassment, which resulted in various misconducts and delayed his ability to be placed in appropriate programs." It also noted that Naranjo's "placement was reviewed and approved numerous times by the PRC [Program Review Committee], and upon Plaintiff's filing of various grievances and appeals." In light of these facts, the District Court concluded that the Defendants: (1) had shown that they would have made the same decision because of legitimate penological interests, even in the absence of Naranjo's allegedly protected conduct; (2) had consequently carried their burden under Rauser; and (3) were therefore entitled to summary judgment on this issue.

With respect to the parole denial, the District Court noted that Naranjo was denied parole for a variety of legitimate penological reasons, "including his failure to participate in and complete institutional programs, level of risk to the community, failure to demonstrate motivation for success, and refusal to accept responsibility for offenses committed." Thus, the District Court concluded that, even if Naranjo was able to satisfy his prima facie claim, the Defendants had satisfied their Rauser burden and were entitled to summary judgment on this issue as well.

In his appellate brief, Naranjo challenges the District Court's grant of summary judgment in favor of Close, Ivicic, and Pyo.[1] He argues that the Defendants did not and

---

[1] To the extent that any other issues may have been in dispute, Naranjo forfeited them by not raising them in his opening brief, and there are no "exceptional circumstances" at play here that would warrant disregarding the general rule against reaching a forfeited issue. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017); see also Laborers' Int'l Union of N.A., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (noting that an issue is forfeited "unless a party raises it in

cannot produce a DC-141, Part I Misconduct Report document—as required by the Department of Corrections' DC-ADM 802 policy—that indicates that he was placed in the RHU for a valid reason. However, he is incorrect, as the Defendants have produced several documents discussing the decision to house Naranjo in the RHU, including DC-141, Part I forms. See ECF No. 145.

As part of his argument against the District Court's grant of summary judgment, Naranjo also argues that the District Court "accepted perjury statement of unproved incident," and cites to his motion for a temporary restraining order in which he alleged that Close told another prison official to transfer Naranjo because of his lawsuit and grievances and that said official conspired with another prison employee to fabricate an incident involving Naranjo that would result in his transfer. But the District Court correctly resolved this concern when it denied Naranjo's motion because: (1) the alleged events at issue were not the subject of the litigation at hand since Naranjo raised new claims against different, additional defendants and (2) he failed to fully exhaust all available administrative remedies regarding them in any case. Furthermore, to the extent that Naranjo's allegation of perjury goes to his claim of a prima face case of retaliation and to his underlying argument against summary judgment, the allegation does not negate the District Court's conclusion that the Defendants acted for legitimate, penological reasons.

---

its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.") (internal citation removed).

Upon review, we agree with the District Court's conclusions for the reasons it presented. Accordingly, we will affirm the judgment of the District Court.